# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES E. JONES,  
    Plaintiff,

    vs

GREG HARTMANN, et al.,  
    Defendants.

Case No. 1:15-cv-131

Dlott, J.  
Litkovitz, M.J.

**REPORT AND**  
**RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action against defendants Greg Hartmann and Scott M. Watson. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). Although a complaint need not contain "detailed factual allegations," it must

provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at

93 (citations omitted).

Plaintiff's complaint is rambling and difficult to decipher. Plaintiff makes the following

factual allegations:

> I Charles E. Jones was born on 6-5-92/ Cincinnati Ohio Hamilton County at
> (Bethesda Oak Hospital) where my name was then registered on my birth
> certificate and a new corporate entity was created which my parents owned but out
> of ignorance didn't know it so the local government assumed ownership by a
> "presumption of law" which the municipality of Hamilton County requires the trier
> of fact to conclude on the threshold evidence that an ultimate fact of "title" is true,
> however my "claim of lawful excuse" is that I th[e]n was incompetent to state for
> ones self rightfully & add "title" as executor over my independent "sovereignty"
> and beneficiary of my Antitrust.

(Doc. 1, Complaint p. 5, PageID 17). The complaint continues in this fashion:

> If the constitution is a private contract which the average man or woman is not party
> to only the signatories the founding fathers and their descendants are bound by it.
> It is actually a trust, and we the American people are the beneficiaries. However,
> people who do not assert their beneficiary status falls into commercial jurisdiction
> and are treated by Governments and Courts Judges as a "person" (& corporation)
> who operates from presumption of legitimacy which the legal person/entity the
> local self government uses for each of us who hasn't rightfully claim "common law
> jurisdiction" or stated that they do not consent and wish to waive the "benefits" of
> "commercial law" to the courts being that we have 2 titles. We create natural title
> (as evidence by record of live birth which we own) so we are the beneficiary and
> the local government is the "trustee," but however since, the government created
> equitable title (as evidence by the birth certificate which the government owns) so

3

the government is beneficiary and we are "trustee" by presumption, jurisdiction, g[u]ilt, innocence, and liability all revolves around whether I assume and assent the role of beneficiary and executer (master) over my independence therefore not liable for the mistakes or debts of the "trustee" nor bound to the statues and rules policy being conferred on "the populace."

(*Id.* at PageID 19). Plaintiff seeks monetary damages as well as injunctive and declaratory relief. (*Id.* at PageID 20).

The complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction on the basis of diversity of citizenship. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiff and defendants are both Ohio citizens. (Doc. 1, Complaint, p. 4, PageID 16). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

To the extent that plaintiff seeks to invoke the Court's federal question jurisdiction under

4

28 U.S.C. § 1331, the complaint must still be dismissed. The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. The complaint does not contain a single factual allegation involving either defendant. Furthermore, the complaint is rambling and indecipherable, rising to the level of delusional, irrational and "wholly incredible."

Accordingly, in sum, the undersigned finds that plaintiff's complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/3/15

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES E. JONES,                 Case No. 1:15-cv-131
       Plaintiff,

                                      Dlott, J.
    vs                                Litkovitz, M.J.

GREG HARTMANN, et al.,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6